IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRYSTAL WILBURN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-116-L-BN |
| | § | |
| PENTAGON FEDERAL CREDIT UNION and PENFED CREDIT UNION, and their successors and assigns, | § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Pentagon Federal Credit Union ("PenFed") has filed a Motion to Dismiss Plaintiff Crystal Wilburn's claims against it under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 4.

Wilburn did not file a response.

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay *See* Dkt. No. 3.

For the following reasons, the Court should grant PenFed's Motion [Dkt. No. 4] and dismiss Wilburn's claims with prejudice.

**Background**

This case concerns a mortgage loan and attempted foreclosure of real property located at 652 Deforest Road, Coppell, Texas, 75019 (the "Property"). *See*

Dkt. No. 1-1.

Wilburn filed this lawsuit against PenFed in the 134th Judicial District of Dallas County on or about January 6, 2025. *See id.* Wilburn alleges that, in connection with her mortgage with PenFed, she never received a notice of intent to accelerate, a notice of acceleration, or a notice of trustee sale. *See id.* at 11.

And, so, through Plaintiff's Original Petition and Application for Emergency Ex Parte Temporary Restraining Order and Temporary Injunction, Wilburn asserted causes of action for violations of Texas Property Code Section 51.002 for failing to send Plaintiff a notice of default, notice of acceleration, and notice of foreclosure sale and sought injunctive relief to stop PenFed from proceeding with foreclosure of the Property. *See id.* at 11-15.

Wilburn does not allege that PenFed foreclosed on the Property or that she is no longer in possession of the Property.

PenFed removed the action to this Court based on diversity jurisdiction on January 16, 2025. *See* Dkt. No. 1. And then it filed this motion to dismiss. *See* Dkt. No. 4.

**Legal Standards**

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the

merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader

-3-

is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the

pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

## Analysis

PenFed asserts that Wilburn's petition fails to state a plausible claim for relief and that it should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6). The undersigned agrees.

### I. Violations of Texas Property Code Section 51.002

Wilburn alleges that PenFed did not provide proper notice of default, notice of acceleration, and notice of foreclosure sale in violation of Texas Property Code Section 51.002. *See* Dk. No. 1-1 at 11-14.

But Wilburn does not identify any section of the Texas Property Code that creates a private cause of action or provides a remedy for a violation of Section

51.002. *See Flores v. PennyMac Loan Servs., LLC*, No. 3:18-cv-00924-G (BT), 2019 WL 4720977, at *5 (N.D. Tex. Sept. 4, 2019), *report and recommendation adopted*, No. 3:18-cv-0924-G (BT), 2019 WL 4691621 (N.D. Tex. Sept. 25, 2019).

"Indeed, § 51.002 contains no language or provision creating a private cause of action." *Id.* (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 569 (Tex. 2001) ("Section 51.002 establishes the procedures for conducting a foreclosure sale.").

Other federal courts in Texas have also held that Section 51.002 does not otherwise provide for an independent cause of action. *See, e.g., Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism."); *Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017) (cleaned up) ("Section 51.002 of the Texas Property Code, however, does not provide a private right of action."); *Anderson v. CitiMortgage*, 2014 WL 2983366, at *5 (E.D. Tex. July 2, 2014) (cleaned up) ("Under Texas law, there is no independent cause of action for breach of section 51.002").

And, so, Wilburn's causes of action for violations of Section 51.002 of the Texas Property Code fail as a matter of law.

## II. Wrongful Foreclosure

Insofar as the Court construes Wilburn's allegations as a wrongful foreclosure claim, her claim still fails.

To state a wrongful foreclosure claim under Texas law, plaintiffs must plead: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

But a plaintiff cannot state a viable claim for wrongful foreclosure if they never lost possession of the property. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444 (5th Cir. 2013); *see also Motten v. Chase Home Fin.,* 831 F.Supp.2d 988, 1007–08 (S.D. Tex. 2011) ("[B]ecause recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. As such, courts in Texas do not recognize an action for attempted wrongful foreclosure."); *Peterson v. Black,* 980 S.W.2d 818, 823 (Tex. Ct. App. 1998) ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property.").

And here, Wilburn does not allege that PenFed foreclosed on the Property or that she is no longer in possession of the Property. Instead, Wilburn requested injunctive relief to prevent PenFed from foreclosing on the property.

And, so, Wilburn fails to state a viable claim for wrongful foreclosure. *Accord Medrano v. BAC Home Loans Servicing, LP.,* No. 3:10–cv–02565–M (BF), 2012 WL 4174890, *3 (N.D.Tex. Aug. 10, 2012) ("An attempted wrongful foreclosure is not an

action recognized under Texas law.").

### III. <u>Injunctive Relief</u>

Under Texas law, a request for injunctive relief "'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)); *Thomas*, 499 F. App'x at 343 n.15 ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

And, so, because Wilburn's other causes of action fail, her request for injunctive relief cannot survive.

And the Court should dismiss Wilburn's claims with prejudice because they fail as a matter of law. And allowing Wilburn an opportunity to amend would be futile and would unnecessarily delay the resolution of this action. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)

### Recommendation

For the reasons explained above, the Court should grant PenFed's Motion [Dkt. No. 4] and dismiss Wilburn's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of

these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE