IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CRYSTAL WILBURN,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:25-CV-116-L-BN** |
| § | |
| **PENTAGON FEDERAL CREDIT** § | |
| **UNION and PENFED CREDIT** § | |
| **UNION, and their successors and assigns,** § | |
| § | |
| Defendants. § | |

## ORDER

On June 9, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 20) was entered, recommending that the court **grant** Defendant Pentagon Federal Credit Union's ("PenFed" or "Defendant") Motion to Dismiss Pursuant to Rule 12(b)(6) ("Motion") (Doc. 4). The magistrate judge determined that Plaintiff Crystal Wilburn ("Ms. Wilburn" or "Plaintiff") failed to plausibly allege facts to support her claims for violations of Section 51.002 of the Texas Property Code, wrongful foreclosure, and injunctive relief. Plaintiff never filed a response to the Motion. Further, no objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

First, Magistrate Judge David Horan determined that Plaintiff failed to plead sufficient facts to allege a claim for violations of Section 51.002 of the Texas Property Code. Report 7. The magistrate judge found that Ms. Wilburn "does not identify any section of the Texas Property Code that creates a private cause of action or provides a remedy for a violation of Section 51.002." *Id.* (citations omitted). Moreover, the provisions in Section 51.002 are procedural rather

than substantive. *See Saravia v. Benson*, 433 S.W.3d 658, 661 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also* Tex. Prop. Code § 51.002.

Second, the magistrate judge determined that Plaintiff failed to plead sufficient facts to allege a claim for wrongful foreclosure. Report 8. He determined that Ms. Wilburn cannot state a viable claim for wrongful foreclosure because she does not allege that Defendant foreclosed on the real property located at 652 Deforest Road, Coppell, Texas, 75019 (the "Property"); nor does she allege that she is no longer in possession of the Property. *Id.* Magistrate Judge Horan found that Ms. Wilburn requests injunctive relief to prevent PenFed from foreclosing on the Property—the exact opposite of what she must allege—which is insufficient to allege a claim for wrongful foreclosure. *Id.*

Third, Magistrate Judge Horan concluded that Ms. Wilburn's claim for injunctive relief fails because injunctive relief is not a stand-alone cause of action and must be accompanied by an underlying cause of action. *Id.* at 9 (citations omitted). Because Plaintiff's other claims fail, the magistrate judge determined that her claim for injunctive relief cannot survive. *Id.* As a result, he recommends that the court dismiss Plaintiff's claims with prejudice because they fail as a matter of law. *Id.* (citations omitted).

As stated earlier, Plaintiff did not file objections to the Report. A magistrate judge's findings, conclusions, and recommendation provide notice, and the period for filing objections to them affords the parties an opportunity to respond. *See, e.g., Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir. 2019). Moreover, the opportunity to file objections to the Report allows Plaintiff another opportunity to show that this case should not be dismissed and that the court should

instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

In addition to not filing any objections to the Report, Plaintiff has not requested to amend her pleadings, and "[a] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 387 (5th Cir. 2003) (citation omitted). The court, therefore, **determines** that Plaintiff has pleaded her best case.

After considering the pleadings, file, record, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendant Pentagon Federal Credit Union's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 4) and **dismisses with prejudice** this action, pursuant to Rule 12(b)(6).

**It is so ordered** this 24th day of June, 2025.

                                                Sam A. Lindsay
                                                United States District Judge